## W. T. BOYD et al. v. STATE.

No. A-2535.   Opinion Filed March 3, 1917.

Rehearing Denied January 15, 1919.

(177 Pac. 121.)

**APPEAL AND ERROR—Reversal.** When one is tried for crime and fails to offer any defense whatever, this court will not seek technical grounds upon which to reverse a just judgment.

*Appeal from County Court, Garfield County;*
*E. L. Swigert, Judge.*

W. T. Boyd and Guy Smith were convicted of having unlawful possession of intoxicating liquors with intent to sell same, and they appeal.   Affirmed.

*H. J. Sturgis,* for plaintiff in error. ·

*R. McMillan,* Asst. Atty. Gen., for the State.

ARMSTRONG, J.   The plaintiffs in error, W. T. Boyd and Guy Smith, were convicted at the May, 1915, term of the county court of Garfield county on an information charging them with the unlawful possession of intoxicating liquor with intent to sell same.   Their punishment was fixed at a fine of $250 and imprisonment in the county jail of Garfield county for a term of three months.

The testimony introduced on behalf of the state tends to show that witness W. P. Arnold, with Officers Hamilton and Bebb, went to the Oxford Pool Hall, operated by the defendants in Enid, on the night of March 5, 1915; that Boyd was behind the cigar case in conversation with Officer Hamilton when he walked into the room; that the officer demanded that Boyd open the door to the basement, which Boyd did by pulling a string under an over-

coat hanging on the wall near where he was standing; that the officers and the witness went into the basement and found four or five men there drinking intoxicating liquor. Plaintiff in error Smith was in the basement. There was a cash register and ice box containing beer and Pablo. Ten pints of whisky were also found. The basement was partitioned into two rooms apparently. Officers Bebb and Hamilton corroborated the statements of witness Arnold.

Witness Brady testified that he was in the basement at the time the officers came; that he drank the contents of one of the black bottles and paid 25 cents for it.

Plaintiffs in error put on no testimony whatever.

Counsel argue two propositions in one, to wit, that the evidence is insufficient to sustain the judgment, and that the court erred in instructing the jury. In our judgment, the evidence is ample and the instructions of the court free from error.

No defense was made to the charge. The plaintiffs in error were undoubtedly engaged in the illegal sale of inintoxicating liquor. This court will not seek technical objections, which could not in any way affect the substantial rights of the parties, upon which to reverse a judgment, under the facts disclosed, especially when no defense whatever is made.

Affirmed. Mandate directed to issue forthwith.

DOYLE, P. J., and BRETT, J., concur.